## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS KNIGHT | : CIVIL ACTION |
| | |
| vs. | |
| | |
| CHALFONT PROPERTIES, INC and | : NO. **14 5777** |
| WEBCRAFT, LLC and | : |
| BALEMASTER | : |

FILED

OCT 1 0 2014

MICHAEL KUNZ, Clerk
By_____ Dep. Clerk

## CIVIL ACTION COMPLAINT

Plaintiff, Thomas Knight, by and through his Attorneys, Saffren & Weinberg, hereby files

this Complaint against Defendants, Chalfont Properties, Inc., Webcraft, LLC, and Balemaster,

and in support thereof, avers as follows:

### PARTIES

1. Plaintiff, Thomas Knight, is an adult individual residing at 222 Furley Street,

Philadelphia, PA 19120.

2. Defendant, Chalfont Properties, Inc. (hereinafter referred to collectively as

"Chalfont"), is a corporation, partnership, sole proprietorship, limited liability company or other

business entity conducting business in the Commonwealth of Pennsylvania and with a principal

place of business located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

3. Defendant, Webcraft, LLC, (hereinafter "Webcraft") is a corporation, partnership,

sole proprietorship, limited liability company or other business entity conducting business in the

Commonwealth of Pennsylvania and with a principal place of business located at 250 West Pratt

Street, Baltimore, MD 21201.

4. Defendant, Balemaster, is a corporation, partnership, sole proprietorship, limited

liability company or other business entity conducting business in the Commonwealth of

Pennsylvania and with a principal place of business at 980 Crown Court, Crown Point, IN 46307.

At all times relevant hereto, Defendant Balemaster was engaged in the business of

manufacturing, fabricating, servicing, distributing and selling heavy duty horizontal balers,

shredders, hoggers, fluffers and perforators.

## JURISDICTION AND VENUE

5.     Jurisdiction is proper pursuant to 28 U.S.C.§1332 in that there is diversity of

citizenship of parties and the amount in controversy exceeds $75,0000.

6.     Venue in the Eastern District of Pennsylvania is proper by virtue of the Plaintiff

residing within the borders of the Eastern District of Pennsylvania, specifically the County of

Philadelphia, and by virtue of the fact that the incident leading to this lawsuit occurred within the

borders of the Eastern District of Pennsylvania, specifically the County of Bucks.

## FACTUAL BACKGROUND

7.     At all times relevant hereto, Defendants, Webcraft, LLC and Chalfont Properties,

Inc., owned, possessed and were responsible for the location of 4371 County Line Road,

Chalfont, PA 18914 (hereinafter known as the "subject premises").

8.     At all times relevant hereto, Defendants, Webcraft, LLC and Chalfont Properties,

Inc., were  responsible for security, safety and well being of business invitees and/or persons

traversing on the subject premises.

9.     At all times material hereto, Defendants, Webcraft, LLC and Chalfont Properties,

Inc., were the owners, occupiers and/or managers of the premises at 4371 County Line Road,

Chalfont, PA 18914, and as such, were each under a duty to maintain said premises and materials

therein including, but not limited to, stairs, stairways, hallways, balers, shredders, hoggers,

fluffers and perforators, in a safe condition for all persons, patrons, tenants, invitees, pedestrians and business invitees, including Plaintiff.

10.     Based upon information and belief, Defendant, Balemaster designed, fabricated, modified, assembled, tested and otherwise placed into the stream of commerce, heavy duty horizontal balers, shredders, hoggers, fluffers and perforators.

11.     At all times relevant hereto, heavy duty horizontal balers, shredders, hoggers, fluffers and perforators, were located on the subject premises.

12.     On or about October 12, 2012, Plaintiff was legally and rightfully on the subject premises.

13.     On October 12, 2012 and while on the subject premises, Plaintiff was cause to slip and fall while walking down the stairs and/or stairway, as a result of a dangerous and defective condition, consisting of dust, debris, soot, dirt and grime on the stairs and/or stairway.

14.     Said defective and dangerous condition was caused by Defendant, Balemaster's, product, which was installed and operational on the subject premises, and was allowed to exist therein for an unreasonable amount of time.

15.     Defendant, Balemaster, knew that its product was causing said dangerous and defective condition and failed to repair, fix and/or address it.

16.     Defendants, Webcraft, LLC and Chalfont Properties, Inc., had notice and allowed said dangerous and defective condition to exist for an unreasonable amount of time.

17.     The negligence and/or carelessness of all Defendants consisted of creating said dangerous and defective condition and allowing said defective condition to exist upon the subject premises for an unreasonable amount of time and thereby causing harm to the Plaintiff.

18.  As a result of the negligence more fully described herein, Plaintiff, Thomas Knight, suffered grievous and life-threatening injuries including but not limited to the following: severe injuries to the lower back and upper left extremities, lumbar sprain and strain; physical trauma associated with and flowing from the above referenced injuries; emotional and psychological trauma associated with and flowing from the above-referenced injuries;  severe shock to his nerves and nervous system; which injuries have caused him pain and suffering in the past and may continue to do in the future; which injuries have prevented him and may continue to prevent him from attending to his daily and usual duties; which injuries have required him to expend money for medicine and/or medical attention in an attempt to treat, cure and care for himself, injured as aforesaid; all of which has been and continues to be to his great damage and loss.

19.  As a result of the injuries aforesaid Plaintiff, Thomas Knight, has been forced to visit emergency rooms and doctor's offices for treatment of his injuries and will continue to require periodic hospitalization for an indefinite period of time in the future, to his great detriment and loss.

20.  As a result of the injuries aforesaid Plaintiff, Thomas Knight, has undergone great pain and suffering, disfigurement, limitations of use of bodily movement and functions, limitation of the ability to pursue normal occupational and social activities as well as further manifestations of suffering, some or all of which are not yet apparent.

21.  As a result of the injuries aforesaid Plaintiff, Thomas Knight, has continued physical therapy, both at outpatient facilities and at home and will continue to require said therapy and rehabilitation for an indefinite period of time in the future, to his great detriment and loss.

22.  As a result of the injuries aforesaid Plaintiff, Thomas Knight, has suffered

financial setbacks, including loss of income, due to lost time from employment which financial

setbacks and income losses will continue for an indefinite period of time in the future, to their

great detriment and loss.

23.    At all times relevant hereto, Plaintiff, Thomas Knight, was walking down the

stairs in a safe and reasonably foreseeable manner.

## COUNT I
## Thomas Knight vs. Balemaster
## (Strict Liability)

24.  Plaintiff incorporates by reference the allegations contained in paragraphs 1 through

23 as though the same were fully set forth herein.

25.  Solely as a result of the defective and unreasonably dangerous design and

manufacture of the balers, shredders, hoggers, fluffers and perforators located at the subject

premises and its component parts as set forth in this Civil Action, the Plaintiff has sustained and

will sustain the injuries and damages set forth herein, and is therefore entitled to damages under

the Restatement (Third) of Torts.

26.  Defendant, Balemaster, designed, modeled, remodeled, manufactured and distributed

the Liftgate and component parts or were responsible for the manufacture and distribution

thereof.

27.  Defendant, Balemaster's, balers, shredders, hoggers, fluffers and perforators and their

component parts contained design defects at the time it left Defendant, Balemaster's, control,

which defects rendered said units in an unreasonably dangerous, defective and unsafe condition

at the time when it reached the Plaintiff.

28.  Defendant, Balemaster's, balers, shredders, hoggers, fluffers and perforators and their

component parts were sold and/or leased and/or provided by Defendant, Balemaster, in a

defective condition, which condition created a danger to intended user and/or people in the surrounding area.

29. The balers, shredders, hoggers, fluffers and perforators and their component parts were designed, remodeled, manufactured and sold in a defective and dangerous manner in that it:

      a.    Failed to have the proper safeguards to stop dust, debris, soot, dirt and grime from emanating from said products;

      b.    Failed to contain a safety guard so as to prevent the aforesaid accident;

      c.    Failed to contain instructions so that it could be used safely in a reasonably foreseeable manner;

      d.    Failed to contain adequate warnings;

      e.    Failed to contain safety features in that it could not be used in a safe and reasonably foreseeable manner;

      f.    Failed to stop and unreasonable amount of dust, debris, soot, dirt and grime from emanating from said products;

      g.    Failed to contain adequate packaging and brochures containing warnings on the product, and otherwise warning the Plaintiffs of further actions necessary on their part to insure the safety of the products; and

      h.    Failing to comply with various codes standards, regulations, statutes and industry norms;

      i.    Failed to contain a conspicuous warning;

30. The defective condition of the balers, shredders, hoggers, fluffers and perforators and their component parts were the proximate cause of Plaintiffs' injuries and losses.

31. The defective condition of the balers, shredders, hoggers, fluffers and perforators and their component parts was a substantial factor in causing Plaintiffs' injuries and losses.

32. As a result of the tortuous activity hereinabove described Defendant, Balemaster, is strictly liable to Plaintiff for his injuries.

WHEREFORE, Plaintiff, Thomas Knight, respectfully pray this Honorable Court to enter judgment in his favor, against Defendant, Balemaster, jointly, severally and/or singularly in an amount in excess of Fifty Thousand Dollars ($75,000.00) and requests compensatory damages from each.

## COUNT II
### Thomas Knight vs. Balemaster
### (Breach of Warranty)

33. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 32 as though the same were fully set forth herein.

34. Defendant, Balemaster, breached the implied warranty of merchantability and fitness for a particular purpose.

35. Defendant, Balemaster, breached the implied warranty of safety for intended use.

WHEREFORE, Plaintiff, Thomas Knight, respectfully pray this Honorable Court to enter judgment in his favor, against Defendant, Balemaster, jointly, severally and/or singularly in an amount in excess of Fifty Thousand Dollars ($75,000.00) and requests compensatory damages from each.

## COUNT III
### Orzechowski v. Balemaster
### (Negligence)

36. Paragraphs 1 thorough 35 inclusive, are incorporated herein by reference as if fully set forth herein.

37. At all times relevant hereto, the balers, shredders, hoggers, fluffers and perforators and their component parts, were owned, maintained, supervised and controlled by Defendant, Balemaster, Inc. by and through its employees, agents, servants, workmen and representatives.

38. At all times relevant hereto, Defendant, Balemaster, knew or should have known that

the balers, shredders, hoggers, fluffers and perforators, were in a defective and/or dangerous condition and posed a threat to persons in the surrounding area.

39.     At all times relevant hereto, Defendant, Balemaster, had a duty to adequately maintain the afore-described balers, shredders, hoggers, fluffers and perforators.

40.     In violation of said duty, the Defendant, Balemaster, jointly, severally and/or individually, by its respective mechanics agents, servants, workmen, and/or employees, permitted and caused certain dangerous conditions to exist on and about the aforesaid balers, shredders, hoggers, fluffers and perforators, so as to constitute an unsafe condition for persons in the immediate vicinity.

41.     Plaintiff avers that the Defendant, Balemaster, had or should have had notice of the existence of the hazardous conditions of the aforesaid balers, shredders, hoggers, fluffers and perforators and/or had a duty to inspect and correct the hazardous conditions of the aforesaid balers, shredders, hoggers, fluffers and perforators, including but not limited to the emanation of foreign objects.

42.     Defendant, Balemaster, failed to exercise appropriate care and apply reasonable measures to minimize or remove the dangers inherent in the use of balers, shredders, hoggers, fluffers and perforators.

43.     The negligence of the Defendant, Balemaster, jointly, severally and/or individually and through its respective agents, servants, workmen, and/or employees, consisted of the following:

        (a) Failing to properly inspect the balers, shredders, hoggers, fluffers and perforators;

        (b) Failing to correct the defective and/or hazardous conditions which they caused or of which they were aware or should have been aware;

        (c) Failing to warn contractors, workers and users of the defective and hazardous

conditions created by the balers, shredders, hoggers, fluffers and perforators

(d)  Failing to maintain the balers, shredders, hoggers, fluffers and perforators in a condition which would protect and safeguard persons lawfully in the surrounding area of said products;

(e)  Allowing and causing the aforesaid irregularities, and dangerous conditions, and/or defects to exist in and on the aforesaid Unit so as to constitute a menace, danger, nuisance or trap to persons lawfully upon the said Unit;

(f)  Otherwise failing to exercise due and proper care under the circumstances;

(g)  Failing to maintain said balers, shredders, hoggers, fluffers and perforators in a safe condition;

(h)  Failing to provide the proper materials when maintaining the Unit which injured Plaintiff;

(i)  Failing to properly supervise their employees and/or agents in the proper maintenance and repair of the aforesaid balers, shredders, hoggers, fluffers and perforators;

(j)  Defendant, Balemaster, knew or should have known of the dangerous and defective character of the balers, shredders, hoggers, fluffers and perforators and failed to issue appropriate warnings;

(k) Failing to supply safer designs  even though they knew of the importance and necessity of the aforesaid designs;

(l) Failing to supply safety measures specific to Balemaster's intended and desired use even though they knew of the importance and necessity of the aforesaid safety measures;

(m)  The Defendant, Balemaster negligently supplied balers, shredders, hoggers, fluffers and perforators which were in violation of various state, federal and industry standards and which failed to have appropriate safety features which they knew were available and necessary and knew such designs

were available and feasible.

(n)  The Defendant, Balemaster, failed to place warnings on the balers, shredders, hoggers, fluffers and perforators  in a visible manner; and

(o)  Failing to properly affix the proper sized hose to the balers, shredders, hoggers, fluffers and perforators  and its component parts.

44.     As a direct and proximate result of the negligence of the Defendant, Balemaster, by and through its respective, mechanics, agents, servants, workmen and/or employees in the course and scope of their employment jointly, severally and/or individually, Plaintiff suffered the injuries and losses herein-above described.

WHEREFORE, Plaintiff, Thomas Knight, respectfully prays this Honorable Court to enter judgment in his favor, against Defendant, Balemaster, jointly, severally and/or individually and requests compensatory damages in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus the costs of this action and interest thereon.

**COUNT IV**
**Thomas Griffith vs. Chalfont Properties, Inc. and Webcraft, LLC**
**(Negligence)**

45.     Paragraphs 1 thorough 44  inclusive, are incorporated herein by reference as if fully set forth herein.

46.     At all times relevant hereto, Defendants, Chalfont Properties, Inc. and Webcraft, LLC, maintained, supervised and controlled the subject premises.

47.     At all times relevant hereto, Defendants, Chalfont Properties, Inc. and Webcraft, LLC, knew or should have known of the existence of the defective and/or dangerous condition and that it posed a threat to persons on the subject premises.

48.     At all times relevant hereto, Defendants, Chalfont Properties, Inc. and Webcraft, LLC, had a duty to adequately service the balers, shredders, hoggers, fluffers and perforators.

49.     At all times relevant hereto, Defendants, Chalfont Properties, Inc. and Webcraft, LLC, had a duty to inspect, safeguard and clean the subject premises.

50.     Defendants, Chalfont Properties, Inc. and Webcraft, LLC, failed to exercise appropriate precautions, care and apply reasonable measures to minimize or remove the dangers that existed on the subject premises.

51.     Plaintiff avers that the Defendants, Chalfont Properties, Inc. and Webcraft, LLC, had or should have had notice of the existence of the hazardous, defective and dangerous conditions of the aforesaid stairs and/or stairway.

52.     The negligence of the Defendants, Chalfont Properties, Inc. and Webcraft, LLC, jointly, severally and/or individually and through their respective agents, servants, workmen and/or employees, consisted *inter alia*, of the following:

    a.     Failing to properly inspect the stairs and/or stairway on said premises;

    b.     Failing to correct the defective, dangerous and hazardous conditions which they caused or of which they were aware of or should have been aware of;

    c.     Failing to warn pedestrians and users of the defective, dangerous and hazardous conditions of said premises at the point where the Plaintiff fell;

d.  Failing to maintain the premises in a safe condition which would protect and safeguard persons lawfully upon the premises and prevent them from falling to the ground;

e.  Allowing and causing the aforesaid irregularities and dangerous, and/or defects to exits on the aforesaid stairs and/or stairway so as to constitute a menace, danger, nuisance or trap to persons lawfully upon the said premises;

f.  Otherwise failing to exercise due and proper care under the circumstances;

g.  Failing to maintain said premises in a safe condition; and

h.  Failing to properly supervise their employees and/or agents in the proper maintenance and repair of the premises where Plaintiff, Sampson Earl Dow fell.

53.  As a direct and proximate result of the negligence of the Defendants, Chalfont Properties, Inc. and Webcraft, LLC, Plaintiff suffered the injuries and losses herein-above described.

WHEREFORE, Plaintiff, Thomas Knight, respectfully prays this Honorable Court to enter judgment in his favor, against Defendants, Chalfont Properties, Inc. and Webcraft, LLC. jointly, severally and/or individually, and requests compensatory damages in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus the costs of this action and interest thereon.

## COUNT V
### Thomas Griffith vs. Defendants
### (Jury Demand)

54.  Plaintiff, Thomas Knight, incorporates by reference the allegations contained in paragraphs 1 through 77 as though the same were fully set forth herein.

55.     Plaintiff herein demands a jury on all counts.

WHEREFORE, Plaintiff, Thomas Knight, respectfully prays this Honorable Court to enter judgment in their favor, against all Defendants jointly, severally and/or singularly in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest and costs of suit of any other relief this Court deems just and proper.

SAFFREN & WEINBERG

By:_____

MARC A. WEINBERG, ESQ.
Attorney for Plaintiffs
SAFFREN & WEINBERG
Atty. I.D. No. 60643
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
Telephone: (215) 576-0100
mweinberg@saffwein.com

Dated:                                          kramsey@saffwein.com
                                                lmegali@saffwein.com

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KNIGHT, THOMAS | CHALFONT PROPERTIES, INC. and WEBCRAFT, LLC and BALEMASTER |

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   DAUPHIN
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc A. Weinberg, Esquire, Saffren & Weinberg, 815 Greenwood Avenue, Suite 22, Jenkintown, PA  19046 (215) 576-0100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Slip and Fall Accident

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND:  ☐ Yes   ☐ No |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   *(See instructions:)*   JUDGE _____   DOCKET NUMBER _____

OCT 10 2014

DATE  10-9-14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 222 Furley Street, Philadelphia, PA  19120

Address of Defendant: Chalfont Properties, 116 Pine street, Harrisburg, PA 17101; Webcraft, 250 w. Pratt street, Baltimore, MD 21201; balemaster, 980 Crown Court, Crown Point, IN 46307

Place of Accident, Incident or Transaction: 4371 County Line Road, Chalfont, PA  18914

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) Slip/Fall
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, MARC A. WEINBERG, ESQUIRE, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 10-9-14          Attorney-at-Law  Marc A. Weinberg, Esq.          60643
Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10-9-14          Attorney-at-Law  Marc A. Weinberg, Esq.          60643
Attorney I.D.#

OCT 10 2014

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

THOMAS KNIGHT                                       :                    CIVIL ACTION
                                                    :
                      v.                            :
CHALFONT PROPERTIES, INC., ET AL                    :          NO. **14    5777**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| 10-9-14 | Marc A. Weinberg, Esquire | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-576-0100 | 215-576-6288 | mweinberg@saffwein.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

OCT 1 0 2014